IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARK LEIPS, Derivatively on Behalf of MINDSPEED TECHNOLOGIES, INC., and individually on behalf of himself and all other similarly situated shareholders of MINDSPEED TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAOUF Y. HALIM, MICHAEL T. HAYASHI, MING LOUIE, THOMAS A. MADDEN, JERRE L. STEAD, ROBERT J. CONRAD and DWIGHT W. DECKER, <br><br> Defendants, <br><br> and <br><br> MINDSPEED TECHNOLOGIES, INC., <br><br> Nominal defendant. | Civ. No. 13-15-SLR |

**MEMORANDUM**

At Wilmington this 28th day of March, 2014 having reviewed nominal defendant Mindspeed Technologies' ("Mindspeed") motion to dismiss for failure to state a claim (D.I. 18) and the individual defendants' motion to dismiss for failure to state a claim (D.I. 16), as well as the papers submitted in connection therewith; the court issues its decision based on the following analysis:

1. **Background.** On January 2, 2013, plaintiff Clark Leips ("Leips") filed a derivative shareholder action on behalf of Mindspeed alleging various breaches of

fiduciary duty by individual defendants, who are members of Mindspeed's Board of Directors (collectively "the individual defendants"). (D.I. 1) On January 9, 2013, plaintiff filed an amended complaint, adding a class action claim for alleged breaches of the duty of candor in connection with a shareholder vote at Mindspeed's February 12, 2013 Annual Meeting. (D.I. 4) On January 16, plaintiff sought a preliminary injunction to enjoin the shareholder vote temporarily unless MindSpeed supplemented its 2013 proxy statement to provide additional disclosures regarding the grants at issue in this lawsuit. (D.I. 6) Mindspeed filed a supplemental proxy disclosure on January 22, 2013 (D.I. 20, ex. G), and plaintiff subsequently withdrew his motion for a preliminary injunction, rendering the direct claim seeking to enjoin the shareholder meeting moot. (D.I. 12) This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

2. **Standard of Review.** Federal Rule of Civil Procedure 23.1(b) requires a plaintiff to plead facts sufficient to "allege that the plaintiff was a shareholder or member at the time of the transaction complained of . . . ." Fed. R. Civ. P. 23.1(b). The plaintiff must maintain shareholder status throughout the lawsuit. *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 299 (2d Cir. 2003) ("to assert standing under the contemporaneous ownership rule, a plaintiff must have owned stock in the corporation throughout the course of the activities that constitute the primary basis of the complaint"). "A primary purpose of the contemporaneous ownership requirement is to curtail strike suits by prohibiting potential plaintiffs from buying into a lawsuit through the purchase of shares of stock in a corporation after an alleged 'wrong' has occurred." *Brambles USA, Inc. v. Blocker*, 731 F. Supp. 643, 648 (D. Del. 1990) (citations omitted);

*Ryan v. Gifford*, 918 A.2d 341, 358–59, 361 (Del. Ch. 2007) (dismissing all claims related to stock-options transactions that occurred before plaintiff became shareholder).

3. **Analysis**. Plaintiff alleges that he "is a shareholder of Mindspeed and has been a shareholder of Mindspeed during the period of the alleged wrongdoing." (D.I. 4 at ¶ 9) Mindspeed's shareholders approved an incentive plan, which may grant equity awards to its officers and employees. (*Id.* at ¶¶ 1-2) Plaintiff alleges that the stock awards made to defendant Raouf Halim in 2009, 2010, 2011, and 2012 exceed the shareholder-approved limit. (*Id.* at ¶¶ 28-52) To establish standing, plaintiff must establish that he purchased Mindspeed shares prior to November 20, 2009, the date of the first allegedly excessive award (*id.* at ¶¶ 28-35) and has been a continuous shareholder since that time. While plaintiff alleges that his statement of ownership is sufficient, the cases on which he relies to find such a general statement sufficient do not address sufficiency in the context of a motion to dismiss for lack of standing. *See, e.g., Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.2d 362, 365 (Del. Supr. 2006) (affirming the dismissal of plaintiff's complaint for failure to satisfy pre-suit demand requirements, noting that plaintiffs alleged that they owned defendant's stock "at all relevant times").

4. Plaintiff's claims span four years and his response that his statement of ownership is sufficient does not end such an inquiry. Faced with Mindspeed's challenge to his standing, plaintiff could have provided the court with the appropriate information in his responsive briefing. As he did not do so, the court is without the necessary information to determine whether plaintiff meets the standing requirement.

**5. Conclusion.** For the foregoing reasons, the court grants Mindspeed's motion to dismiss (D.I. 18) on the issue of standing. Plaintiff is given leave to file an amended complaint on or before **April 30, 2014**. The individual defendants' motion to dismiss for failure to state a claim (D.I. 16) is denied as moot. An order shall issue.

United States District Judge